OPINION
Defendant-appellant Keith Daniel Rochefort appeals the May 26, 1998, Judgment Entry of the Stark County Court of Common Pleas adjudicating him a sexual predator as defined in Ohio Revised Code Section 2950.01(E). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On March 27, 1998, appellant was indicted by the Stark County Grand Jury on two (2) counts of corruption of a minor in violation of R.C. 2907.04, one count of rape in violation of R.C.2907.02 and one count of contributing to the unruliness or delinquency of a child in violation of R.C. 2919.24. Appellant, at his arraignment on April 24, 1998, entered a plea of not guilty to all charges. On the same date, appellant filed a Request for a Bill of Particulars. The Bill of Particulars, which was filed on April 30, 1998, stated that appellant had consensual intercourse with Angela Blackwell and Joan Moncman, two (2) juveniles between the ages of thirteen and fifteen, and that appellant, after removing Cassandra Worley, a juvenile who was less than thirteen years of age, from Stark County, also had sexual intercourse with such individual. The bill further disclosed that appellant had aided, abetted, caused, induced or encouraged Ms. Worley to run away from home to a hotel in Cleveland. Appellant was approximately 21 years old at the time of this incident. The bill also set forth that the incident with Cassandra occurred between June 1 and June 30, 1997, that the incident with Angela occurred between June 1 and July 31, 1997, and that the incident with Joan occurred on August 1, 1997.
On May 13, 1998, appellant entered a plea of guilty to all charges in the indictment. On the same date, appellant was sentenced to prison terms of three (3) years on the charge of rape and seventeen months on each count of corruption of a minor and to a jail term of six (6) months on the charge of contributing to the unruliness of a child. The sentences were to be served concurrently with each other. The trial court memorialized appellant's plea and sentence in a Judgment Entry filed on May 18, 1998.
A hearing to determine appellant's status as a sexual predator under R. C. 2950.09 was held on May 20, 1998. At the hearing, appellant objected to the proceedings based upon his belief that Ohio's Sexual Predator law was unconstitutional. Thereafter, the trial court, in a sentencing addendum filed on May 20, 1998, the date of the hearing, adjudicated appellant to be a sexual predator. The court further found that that there were multiple victims who were either under the age of thirteen or the age of eighteen. A Judgment Entry memorializing the trial court's adjudication was filed on May 26, 1998.
It is from such adjudication that appellant prosecutes this appeal, raising the following Assignment of Error:
 THE COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
In his single Assignment of Error, appellant contends that the trial court's adjudicating him a sexual predator was not supported by clear and convincing evidence.
In State v. Cook (1998), 83 Ohio St.3d 404, the Supreme Court of Ohio determined that R.C. Chapter 2950 is remedial, not punitive, in nature. As such, we will review this Assignment of Error under the standard of review contained in C.E. Morris Co. v.Foley Construction (1978), 54 Ohio St.2d 279. Accordingly judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or plead guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination:
 (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offense;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavior characteristics that contribute to the offender's conduct.
At the hearing, the trial court considered the above factors. The State presented the trial court with the Bill of Particulars, a written statement from defendant-appellant to Detective Jill Stevenson with regard to the incident involving Joan Moncman, a transcript of a taped statement given by defendant-appellant to the Canton Police Department admitting all of the allegations made by Cassandra Worley and the Judgment Entry memorializing the plea and sentencing. After considering the evidence presented, the trial court adjudicated appellant a sexual predator based, upon his prior August, 1996, felony convictions for five counts of forgery and one count of receiving stolen property, the young age of the victims (12, 14, 15) compared to appellant's age (21 — 22), the fact that there were multiple victims, and the fact that appellant lured his young victims into sexual conduct by taking them places where he could be alone with them. The fact that multiple young victims were involved mitigates in favor of the trial court's decision. Moreover, the fact that appellant, in his taped statement, admitted to having had sexual intercourse approximately three (3) times in a Cleveland motel room with a twelve year old who he had met at a mall in Canton and lured to Cleveland also supports the trial court's decision. Accordingly, we find that the trial court considered the elements set forth in R.C. 2950.09(B)(2) and that there was competent, credible evidence to support the findings made by the trial court at the May 20, 1998, hearing. We further find that the evidence presented and the findings made by the trial court at the May 20, 1998, hearing support the finding that appellant is a sexual predator under R.C.2950.01(E) by clear and convincing evidence and that said finding is not against the manifest weight of the evidence.
Appellant's Assignment of Error is denied.
The judgment of the Court of Common Pleas Court of Stark County, Ohio, is affirmed.
By Edwards, J., Gwin, P.J. and Farmer, S. concur.
______________________________
______________________________
 ______________________________ JUDGES
JAE/mec 0223
JUDGMENT ENTRY
Case No. 1998CA00157
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
______________________________
______________________________
 ______________________________ JUDGES